IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WARDELL L. TYREE                          :        CIVIL ACTION NO. **1:CV-07-0175**
                                          :
           Plaintiff                      :        (Judge Conner)
                                          :
           v.                             :        (Magistrate Judge Blewitt)
                                          :
FEDERAL BUREAU OF PRISONS,  et al.,       :
                                          :
                                          :
           Defendants                     :

## REPORT AND RECOMMENDATION

**I. Background**.

      The Plaintiff, Wardell L. Tyree,  an inmate at the United States Penitentiary at Canaan ("USP-

Canaan"), Waymart, Pennsylvania, filed, *pro se,* this Freedom of Information Act ("FOIA") and

Privacy Act action, pursuant to 5 U.S.C. §§ 552, 552a, on January 30, 2007.  (Doc. 1).  Plaintiff

claims that the BOP is violating the Privacy Act by maintaining incorrect information on his sentence

computation sheet.[1]  Plaintiff also states that the BOP is maintaining inaccurate files on him depriving

---

[1]This Court in *Nunez v. Lindsay*, 2007 WL 517754, *1, n. 1 (M.D. Pa.), noted :

> The Privacy Act  5 U.S.C. § 552a, requires governmental agencies
> to maintain accurate records and provides individuals with certain
> safeguards, including the right to require correction of inaccurate
> records. The Act authorizes civil actions to enforce the amendment
> and accuracy requirements, and provides for monetary damages,
> costs and attorney's fees where the inaccurate record has resulted in
> an adverse determination and the agency is shown to have acted
> intentionally and willfully. *Toolasprashad v. Bureau of Prisons,*
> 286 F.3d 576, 581 (D.C.Cir.2002).

him of due process and equal protection provided by the Privacy Act, since the inaccurate files kept

by the BOP are adversely affecting the date he will get his initial parole hearing.  (Doc. 1, p. 1).

Plaintiff names as Defendants the Federal Bureau of Prisons ("BOP"), and the Warden at USP-

Canaan, namely Cameron Lindsay.[2]  Plaintiff filed two in forma pauperis requests  (Docs. 2 & 6).[3]

## II.  Allegations of Complaint.

Attached to Plaintiff's Complaint (Doc. 1) are several documents, including Inmate Requests

to Staff and Responses regarding his initial parole hearing, BOP Administrative remedy requests and

responses and appeals, D.C. Court records, and BOP sentence computation sheets and classification

forms.  In many of the attached documents, Plaintiff argues that the BOP's sentence computation

sheet is incorrect since it does not reflect his proper initial parole hearing date.  As stated above,

Plaintiff claims that the BOP is violating the  Privacy Act by maintaining incorrect information on his

sentence computation sheet.  Plaintiff also states that the BOP is intentionally maintaining inaccurate

files on him depriving  him of due process and equal protection provided by the Privacy Act since

---

[2]The Plaintiff cannot maintain his Privacy Act case against Warden Lindsay.  Rather, the Act authorizes claims only against the appropriate federal agency.  See Thomas v. Ashcroft, 2006 WL 860136, * 4 (M.D. Pa.); Almahdi v. Lyons, 2006 WL 751331, *1 (D.D.C.).  Thus, Warden Lindsay is clearly subject to dismissal as a party Defendant.

[3]Plaintiff also has  a § 2254  habeas corpus petition pending with this court, which has been stayed while he exhaust his D.C. state court remedies, Civil No. 06-0112, M.D. Pa. Plaintiff also recently filed a Writ of Mandamus pursuant to 28 U.S.C. § 1361, in which he requests the Court to compel the BOP officials to find his criminal trial transcripts and records which were mailed to him by an attorney so that he could then forward them to this court for filing in his pending habeas case, 06-0112, Civil No. 07-0008, M.D. Pa.  We shall address Plaintiff's Writ  of Mandamus in a separate Report and Recommendation.

the inaccurate files kept by the BOP are adversely affecting the date he will get his initial parole

hearing.

  Plaintiff also states as follows:

> The use of this inaccurate and mis-leading information also
> ignores this Petitioner's "DC Judgment Of Commitment Order" and
> the intentional use of this inaccurate information also nullifys (sic) DC Code
> 24-208(b) which applies to this Petitioner, and by continuing to ignore
> DC Law, and using this inaccurate information has prolonged the
> duration of the DC sentence to be served before a parole consideration
> is had.

> Maintaining these adverse inaccurate files, and refusing to
> correct the information therein is a denial of due-process, and the
> equal protection that the Privacy Act provides.

(Doc. 1, p. 1).

  Plaintiff contends that under the Privacy Act, he may request correction of his BOP records,

and if the agency willfully fails to correct the records, he may obtain damages.  (*Id*., p. 2).  Plaintiff

alleges that :

> The mis-leading, inaccurate B.O.P. "Computation Sheet"
> complained of, should be corrected to reflect the proper date that
> this petitioner should have his "initial Parole Hearing" . . .

> The B.O.P. "Computation Sheet" in question, is relied upon
> by the U.S. Parole commissioner to determine when to schedule
> the initial parole hearing and the inaccurate "Computation Sheet
> can not be correct without Mr. Farley's approval . . . .  see the
> here attached letter from the U. S. Parole Board.  The initial parole
> hearing is contingent solely upon the date reflected on the B.O.P.
> "Computation Sheet" and Mr. Farley has refused to amend or correct
> that information provided to the U.S. Parole Board.

(*Id*.).

Plaintiff also states that Mr. Farley, Supervisor of Inmate Systems in the Records Office at USP-Canaan, must approve of the correction of his [Plaintiff's] computation sheet, for which the BOP record office employees have correctly calculated his initial parole hearing date to be June 3, 2007, but that Farley refuses to make the correction.  Plaintiff claims that the correction to his computation sheet with respect to his initial parole hearing date is required by DC law and by his DC Judgment of Commitment Order, which specified that the mandatory minimum did not apply to his DC sentence.   Plaintiff states that under DC law, DC Code 24-208(b), when the minimum term of the inmate is not made mandatory, as in his case, an initial parole hearing may be held immediately after the inmate serves 85% of his non-mandatory minimum term.  (*Id.*, p. 3).[4]      Plaintiff states that he has filed many Administrative remedies to have his records corrected by the BOP, but to no avail.  As mentioned, Plaintiff has attached some of his Administrative remedies requests regarding the present issue to his Complaint. [5]  According to Plaintiff's documents attached to his Complaint, the

---

[4]Plaintiff also states that Farley is the mail room supervisor at USP-Canaan, where his DC trial transcripts and records were mailed to him and received in the mail room, but lost without providing the required notice to him.  This claim is the subject of Plaintiff's Case No. 07-0008, in which he seeks a Writ of Mandamus for the Court to direct the BOP to find his missing records and send them to this Court, and in which he seeks his costs.  Plaintiff's 07-0008 case is the subject of a separate Report and Recommendation.

[5]It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit.  *Id.* at 230.  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under  § 1997e(a) applies to all actions regarding prisons conditions, including  § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.*   However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

BOP has determined that Plaintiff's initial parole hearing date is 180 days prior to his minimum date of December 2008.   (Doc. 1, August 22, 2006 Response of Warden Lindsay to Plaintiff's Administrative Remedy of August 8, 2006).   Plaintiff alleges an adverse determination proximately caused by the incorrect documents maintained by the BOP in his prison file, *i.e.* he is entitled to an earlier initial parole hearing date than the BOP has determined.

As relief, Plaintiff requests the Court to direct the BOP to correct his computation sheet to reflect that his initial parole hearing date is June 3, 2007, *i.e.* 85% of his non-mandatory minimum term, and for damages and his costs incurred for his numerous Administrative remedies he has filed concerning this issue.   (*Id.*, p. 4).

## II.  PLRA.

Plaintiff has filed requests to proceed *in forma pauperis*, and the Prison Litigation Reform Act of 1995 (the "PLRA")[6] obligates the Court to engage in a screening process.   *See* 28 U.S.C. § 1915(e)(2)(B)).

Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

5

In reviewing the Complaint under 28 U.S.C. §1915(e),  we have determined that the Plaintiff's action seeking correction of his record maintained in the BOP inmate records system is barred on the ground that BOP records are exempt from provisions of the Privacy Act.

## III.  Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957);  *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

## IV.  Discussion.

### 1.  *Failure to State a Privacy Act Claim*

We find that Plaintiff's Privacy Act claim is inapplicable to the BOP Defendants and that Plaintiff cannot establish the required elements of a Privacy Act claim.  As this Court stated in *Thomas v. Ashcroft*, 2006 WL 860136, * 4 (M.D. Pa.):

> Plaintiff alleges Defendants are liable under the Privacy Act for maintaining an inaccurate prison record, which incorporates erroneous information contained in his pre-sentence investigation ("PSI") report.  It is unlikely that the Privacy Act would apply, since pre-sentence investigation reports and BOP Inmate Central Record System documents are exempt from the requirements of the Privacy Act, 5 U.S.C. § 552a(j)(2); *Meyer v. BOP*, 940 F.Supp. 9, 14 (D.D.C. 1996).

Specifically, this Court indicated that BOP Inmate Central Record System documents are exempt from the Privacy Act's requirements.  We find that these are precisely the type of documents on which our Plaintiff seeks to have us impose the requirements of the Act.  Also, as this Court noted in *Cordero v. BOP*, 2005 WL 1205808, * 3, n. 3. (M.D. Pa.), in August 2002, the Department of Justice exempted the BOP Inmate Central Records System from  subsections (e)(1)  and (e)(5) of the Privacy Act.

Moreover, in *Williams v. BOP*, 85 Fed. Appx. 299, 305, n. 14 (3d Cir. 2004), the Court noted that:

> The Privacy Act gives an individual the right to request that an agency amend any records that it maintains on him or her, 5 U.S.C. § 552a(d). However, "[u]nder regulations ... presentence reports and BOP inmate records are exempt from the amendment provisions of the Act." *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C.Cir.1998) (citing 28 C.F.R. §§ 16.51(c), 16.97(a)).

In *Williams*, Plaintiff claimed that the BOP maintained a false and inaccurate report in his prison file regarding an inmate homicide and seeking to expunge certain prison records.  The Court held that the government's refusal to expunge claimed inaccurate information from the Plaintiff's prison files did not violate due process.

In *Almahdi v. Lyons*, 2006 WL 751331, * 2 (D.D.C.), the Court stated that "regualtions exempt the BOP's Inmate Central Records system from subsections (d), (e)(5) and (g) of the Privacy Act."

Thus, the BOP inmate record at issue herein, *i.e.* Plaintiff 's BOP sentence computation data sheet, is exempt from the Privacy Act.  Plaintiff's claim to correct his record maintained in the BOP inmate records system is barred since the regulations exempt BOP records from the amendment

provisions of the Privacy Act.

Based on the foregoing and the well-settled case law, we find that Plaintiff's action fails to state Privacy Act claim since the BOP's inmate records are exempt from the Act. Thus, we shall recommend that this case be dismissed.

## V.  Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Privacy Act action be dismissed for failure to state a claim.[7]  It is also recommended that Plaintiff be granted leave to proceed *in forma pauperis* solely for the purpose of filing this action.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 5, 2007**

---

[7]Notwithstanding Tyree's *pro se* status, we do not recommend that he be permitted to amend his Complaint regarding his Privacy Act  claim since we find that based on well-settled case law that he fails to state a Privacy Act claim.  Thus, we find futility of any amendment of this claim, and we shall not recommend Plaintiff be granted leave to amend his action.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARDELL L. TYREE | : | CIVIL ACTION NO. **1:CV-07-0175** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FEDERAL BUREAU OF PRISONS,  et al., | : | |
| | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 5, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                          s/ Thomas M. Blewitt
_____   THOMAS M. BLEWITT
                                          United States Magistrate Judge


**Dated: March 5, 200**7